IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ST. CLAIR COUNTY CLUB, | ) |
| Plaintiff, | ) |
| v. | ) Case No.  22-cv-3012-RJD |
| CINCINNATI INSURANCE COMPANY, | ) |
| Defendant. | ) |

**ORDER**

**DALY, Magistrate Judge:**

This matter arises from a coverage dispute between Plaintiff, St. Clair Country Club, and Defendant, Cincinnati Insurance Company. Plaintiff alleges Defendant issued a Golf and Country Club Program common policy of insurance and that it failed to pay for a covered loss incurred on May 15, 2022. Plaintiff asserts breach of contract, bad faith, and estoppel claims against Defendant.

Now before the Court is Plaintiff's Motion to Quash (Doc. 25). Plaintiff seeks to quash seven subpoenas issued by Defendant to various construction and roofing companies. These subpoenas seek documents relating to services performed, solicited, or proposed to be performed at Plaintiff's property. Plaintiff complains that the subpoenas are not limited in time. Plaintiff also asserts these subpoenas reflect Defendant's attempt to further investigate the claim, which, Plaintiff asserts, should have been conducted prior to Defendant's denial. Plaintiff argues Defendant is prohibited from changing the basis for its denial through the "mend-the-hold" doctrine.

In its response, Defendant contends Plaintiff lacks standing to challenge the subpoenas as

they are not directed at Plaintiff and there is no personal right or privilege implicated by the same. Defendant also asserts the subpoenas seek information relevant to this case, including CIC's affirmative defenses and Plaintiff's alleged damages. More specifically, CIC explains the subpoenas at issue were sent to companies who inspected the roof at issue both before and after Plaintiff's claim loss. CIC asserts the documents from inspections that occurred prior to Plaintiff's claimed loss may have information that supports CIC's position that hail fell on the property on more than one previous occasion and that damage to some of the shingles on the roof were not the result of wind. CIC further explains that documents from companies that performed inspections after Plaintiff's alleged loss may reveal information as to the cause of the roof damage and/or that there were conversations with Plaintiff's representatives pressuring these companies to claim the damage was due to hail and/or weather to ensure their bid was selected for the roof replacement. Defendant also asserts the "mend-the-hold" doctrine is inapplicable as it is not attempting to change its litigation position; rather, Defendant contends the subpoenas go to its affirmative defenses and its denial of liability and damages.

## Discussion

Federal Rule of Civil Procedure 45(d)(3) governs motions to quash or modify a third-party subpoena. Rule 45(d)(3) dictates that, upon timely motion, a court must modify or quash a subpoena if the subpoena "requires disclosure of privileged or other protected matter, if no exception or waiver applies" or if it "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iii-iv). Rule 45(d) also permits "a person subject to or *affected* by a subpoena" to file a motion to quash or modify a subpoena that requires disclosing a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 45(d)(3)(B) (emphasis added). The Seventh Circuit recognizes a party may have standing to move to quash a subpoena

addressed to a third-party if the subpoena "infringes upon the movant's legitimate interests." *Noble Roman's, Inc. v. Hattenhauer Distributing Co.*, 314 F.R.D. 304, 306 (S.D. Ind. Mar. 24, 2016) (citing *United States v. Raineri*, 670 F.2d 702, 712 (7th Cir. 1982)).  The moving party must establish the impropriety of the subpoena.  *See CSC Holdings, Inc. v. Redisi*, 309 F.3d 988, 993 (7th Cir. 2002).

Plaintiff has not set forth any argument or explanation regarding its standing.  It is not apparent on the record before the Court that the subpoenas at issue impinge on any trade secret or other confidential, commercial information.  More broadly, it is also not apparent that the subpoenas threaten a "legitimate" interest of Plaintiff.  Rather, it appears the subpoenas seek relatively routine information relating to services performed, solicited, or proposed to be performed at Plaintiff's property.

The Court finds Plaintiff's lack of standing a sufficient basis to deny its motion to quash.  However, the Court also finds that even if Plaintiff had demonstrated standing, its reliance on the "mend-the-hold" doctrine is misplaced.  Despite Plaintiff's claim that Defendant's issuance of the subpoenas reflect an improper attempt by Defendant to further investigate the claim, the "mend-the-hold" doctrine is not applicable to the discovery at issue.  Indeed, while the "mend-the-hold" doctrine prevents a party from changing its reason for not performing a contract during litigation, it does not appear to prevent a party from engaging in discovery relevant to the claims and defenses in a case.  *See Liberty Mut. Ins. Co. v. American Home Assur. Co., Inc.*, 368 Ill.App.3d 948, 958-59 (Ill. App. Ct. 2006).  Here, a review of the complaint and Defendant's answer establishes that the information sought by the subpoenas is relevant within the bounds of Rule 26, which permits discovery of any nonprivileged matter "that is relevant" to a party's claim or defense and "proportional" to the needs of a case, considering the importance of the issues at stake, the

importance of the discovery in resolving the issues, the amount in controversy, and the weighing of burdens and benefits.  *See* Fed. R. Civ. P. 26(b)(1).  Information concerning services performed, solicited, or proposed to be performed at Plaintiff's property by these construction and roofing companies is relevant to Plaintiff's claim and Defendant's defense and possible damages insofar as this lawsuit relates to alleged damage of Plaintiff's roof and buildings and Defendant's denial of coverage for the same.

For these reasons, Plaintiff's Motion to Quash (Doc. 25) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: June 26, 2023**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**